IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BONNIE DANK,                          *

     Plaintiff,                    *

        v.                          *          Civil Action No.: RDB 06-1014

R. JAMES NICHOLSON,                   *
SECRETARY, U.S. DEPARTMENT
OF VETERANS AFFAIRS,                  *

     Defendant.                    *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

This action arises out of a Complaint filed by Bonnie Dank ("Plaintiff") against R. James Nicholson, Secretary, U.S. Department of Veterans Affairs ("Defendant"). The Complaint alleges that, *inter alia*, Defendant failed to accommodate Plaintiff's disability and retaliated against Plaintiff for requesting such accommodation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* ("Rehabilitation Act"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Currently pending before this Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Defendant contends that *some* of Plaintiff's claims should be dismissed because she failed to exhaust her administrative remedies, and that summary judgment should be entered in Defendant's favor with respect to *all* of Plaintiff's claims in light of the underlying administrative record. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant's motion is DENIED and Defendant is directed to file a responsive pleading within 30 days of the

date hereof pursuant to Fed. R. Civ. P. 12(a)(4)(A).

## BACKGROUND AND PROCEDURAL HISTORY

The central allegations in this case were summarized by Judge Ellen Segal Huvelle of the

United States District Court for the District of Columbia:

> Bonnie Dank was diagnosed with multiple sclerosis in 1982 during
> her military service with the Department of the Army.  After being
> honorably discharged and receiving several degrees in the field of
> nursing, Ms. Dank obtained employment as a psychiatric nurse
> practitioner at the Department of Veteran Affairs Medical Center
> located in Baltimore, Maryland.  She alleges that during her
> employment with the U.S. Department of Veterans Affairs, her
> employer intentionally discriminated against her on the basis of
> her disability and gender, failed to accommodate her disability, and
> retaliated against her when she exercised her right to seek proper
> accommodations.  (Compl. at ¶ 1.)  Specifically, plaintiff asserts
> that she was placed in difficult working accommodations which
> significantly aggravated her multiple sclerosis symptoms and her
> requests for proper accommodations were largely ignored.  She
> further alleges that when her request was finally answered, she was
> harassed by her supervisors and labeled as having interpersonal
> problems.  (Compl. at ¶ 33.)  Eventually, a Nurse Standard Review
> Board was convened at the behest of her supervisors and she was
> terminated on July 9, 2004.  (Compl. at ¶ 42, 43, 45.)  On October
> 6, 2005, the agency denied plaintiff's formal complaint of
> discrimination and gave notice of her right to file a civil action in
> the appropriate United States District Court.  (Compl. at ¶ 45.)

*Dank v. Nicholson*, No. 05-2463-ESH, at 1-2 (D.D.C. Mar. 24, 2006) (unpublished order

transferring this action to this Court).

On December 23, 2005, Plaintiff filed her Complaint in the United States District Court

for the District of Columbia.  (*See* Compl.)  On March 24, 2006, Judge Huvelle transferred this

action to this Court pursuant to the Title VII venue provisions set forth in 42 U.S.C. § 2000e-

5(f)(3).  *See Dank v. Nicholson*, No. 05-2463-ESH (D.D.C. Mar. 24, 2006).  On August 4, 2006,

Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.  (Paper No.

18.)  On September 15, 2006, Plaintiff filed her Memorandum in Opposition to Defendant's Motion to Dismiss.  (Paper No. 24.)  Defendant did not file a reply, and discovery has not commenced.

## STANDARD OF REVIEW

Defendant seeks to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).  The "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  Therefore, a Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

## DISCUSSION

### I.      The Complaint.

Plaintiff's Complaint asserts four causes of action.  In Count I, Plaintiff alleges that

Defendant failed to reasonably accommodate her disability, *i.e.*, multiple sclerosis.  (Compl. ¶¶ 46-52.)  In Count II, Plaintiff contends that she was discriminated against on the basis of that disability.  (*Id*. at ¶¶ 53-57.)  In Count III, Plaintiff asserts that she was discriminated against on the basis of sex.  (*Id*. at ¶¶ 58-60.)  In Count IV, Plaintiff maintains that she was retaliated against for seeking accommodation for her disability.  (*Id*. at ¶¶ 61-67.)   Plaintiff contends that Defendant's conduct violates Title VII, the Rehabilitation Act, and the ADA,[1] (*Id*. at ¶ 1), and seeks declaratory and injunctive relief, and compensatory and punitive damages, (*id*. at ¶¶ 68-71).

## II.       Failure to Exhaust Administrative Remedies.

Defendant argues that Plaintiff's claims for failure to accommodate her disability and harassment based on her disability should be dismissed "because she has never presented [such] claim[s] to the Agency."  (Def.'s Mem. Supp. Mot. Dismiss p. 4.)  In response, Plaintiff contends that "Ms. Dank, through her attorney, raised both [claims] at various times during the course of the investigative proceedings."  (Pl.'s Opp. p. 19.)

The parties agree that a plaintiff must exhaust her administrative remedies prior to initiating an action under Title VII, the Rehabilitation Act, or the ADA:

> Rehabilitation Act claims against the federal government must comply with the same administrative procedures that govern federal employee Title VII claims.  *Doe v. Garrett*, 903 F.2d 1455, 1460-61 (11th Cir. 1990) (internal citations omitted); 29 C.F.R. 1614.105 (45-day period).  Accordingly, administrative exhaustion "is a condition precedent to suit that functions like a statute of

---

[1]       The Complaint provides that Defendant's conduct also violated "provisions of the Civil Service Reform Act of 1978, 5 U.S.C. § 2302(a) and (b)(1)(A) and (D) and (b)(9)." (Compl. ¶ 1.)  Plaintiff's opposition papers provide that "[t]he Plaintiff withdraws her claims of hostile environment and discrimination based on age."  (Pl.'s Opp. p. 1 n.1.)

limitations. . . ." *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir.
1996); *see also Holley v. Dep't of Veterans Affairs*, 165 F.3d 244,
246 (3d Cir. 1999).

*Wilkinson v. Rumsfeld*, 100 Fed. Appx. 155, *2 (4th Cir. June 7, 2004) (unpublished); *see also*

29 C.F.R. § 1614.106(c) (providing that a complaint filed with the EEOC need only "sufficiently

. . . identify [the plaintiff] and the agency and . . . describe generally the action(s) or practice(s)

that form the basis of the complaint.").

     Defendant relies on matters outside the pleadings—*e.g.*, the underlying administrative

record—to support his claim that Plaintiff failed to exhaust her administrative remedies.  As a

result, in order to consider the argument raised by Defendant, this Court would have to convert

Defendant's motion to dismiss to one for summary judgment under Rule 56 of the Federal Rules

of Civil Procedure.  *See* Fed. R. Civ. P. 12(b)(6) ("[M]atters outside the pleading are presented to

and not excluded by the Court, the motion shall be treated as one for summary judgment and

disposed of as provided in Rule 56 . . . .").  In light of the fact that discovery has not commenced

in this case, this Court notes the general rule that "summary judgment must be refused where the

nonmoving party has not had the opportunity to discover information that is essential to his

opposition."  *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)

(quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986)).  Under Rule 56(f),

moreover, this Court has discretionary authority to deny a motion for summary judgment in

response to the nonmoving party's request for discovery.  *See* Fed. R. Civ. P. 56(f) ("[T]he court

may refuse the application for judgment or may order a continuance to permit . . . discovery to be

had . . . .").

     In this case, discovery is needed to resolve whether Plaintiff exhausted her administrative

remedies with respect to her claims that Defendant (1) failed to accommodate her disability, and (2) harassed her based on her disability.  First, the parties dispute whether the underlying proceedings support the claims at issue.  For example, Defendants maintain that "Plaintiff did not allege at the time of said contact *or at any other time during the administrative processing* of her complaint that the Agency failed to accommodate her disability."  (Def.'s Mem. Supp. Mot. Dismiss p. 6 (emphasis added).)  However, Plaintiff contends that "both prior to and during the investigation of her complaint, Plaintiff's counsel wrote six separate letters . . . assert[ing] that her complaint not only involved one of retaliation, but also a failure to accommodate."  (Pl.'s Opp. p. 20 (citations omitted)).  Although less developed, a similar dispute applies to Plaintiff's claim that she was harassed based on her disability.  *See also Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247-48 (4th Cir. 2000) ("If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit.") (citation omitted).

Second, it is not appropriate at this early stage in the case for this Court to resolve this particular dispute by converting Defendant's motion to one for summary judgment and applying the standards set forth in Rule 56 of the Federal Rules of Civil Procedure.  This conclusion is supported by, *inter alia*, the Rule 56(f) Affidavit submitted by Plaintiff and Defendant's decision not to respond to that affidavit or Plaintiff's other arguments by filing a reply brief.  (*See* Pl.'s Opp. Ex. 12 at ¶ 6 (representing that the administrative record of investigation "does not contain any of the notices by Plaintiff's counsel to the responsible EEO officers asserting that her EEO complaint includes one of hostile environment as well as failure to timely accommodate her

disability.")); *see also Strag v. Board of Trustees*, 55 F.3d 943, 954 (4th Cir. 1995) ("The denial of a Rule 56(f) motion for extension should be affirmed where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.").

In sum, after considering the parties' papers, this Court is satisfied that discovery is needed to determine whether Plaintiff exhausted her administrative remedies with respect to her claims that Defendant (1) failed to accommodate her disability, and (2) harassed her based on her disability.  Accordingly, Defendant's Motion to Dismiss these claims is DENIED.

## III.    Motion for Summary Judgment.

Defendant also contends that the underlying administrative record provides numerous grounds for resolving Plaintiff's claims in Defendant's favor as a matter of law:

> Plaintiff is unable to demonstrate that her termination was the result of gender discrimination because she cannot demonstrate that she was meeting the legitimate expectations of the Agency at the time of her termination and she is unable to demonstrate that her position was either left open or filled with a similarly qualified individual outside her protected class.  That claim should be dismissed.
>
> Even if the Court finds that Plaintiff exhausted her remedies as to her failure to accommodate claim, Plaintiff is nonetheless unable to make out a *prima facie* case because she cannot demonstrate that the Agency refused to accommodate her disability.  Accordingly, this claim should be dismissed and/or summary judgment should be entered in favor of the defendant.
>
> Even if the Court finds that Plaintiff exhausted her remedies as to her claim of harassment related to her disability, Plaintiff is nonetheless unable to demonstrate that her workplace environment was sufficiently offensive to constitute actionable discrimination.  Thus, this claim should be dismissed and/or summary judgment entered in favor of the defendant.

> Plaintiff is unable to make out a *prima facie* case of discrimination based on retaliation because she did not engage in any protected activity that would give rise to a retaliation claim. Moreover, she is unable to demonstrate a causal nexus between any alleged protected activity and her termination. That claim should be dismissed.
>
> Even if the Court finds that the Plaintiff has made out a case of discrimination under any or all of these theories that remain viable, the Defendant has advanced legitimate, non-discriminatory reasons for the dismissal of the Plaintiff and the Plaintiff has no evidence: (1) that these reasons are false; and (2) that discrimination was the real reason for the Agency's actions. Thus, summary judgment should be entered in favor of the Defendant on each and every one of Plaintiff's claims.

(Def.'s Mem. Supp. Mot. Dismiss pp. 4-5.)

Defendant supports each of the arguments summarized above by relying primarily on the underlying administrative record.  As already noted, "summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  *Harrods Ltd.*, 302 F.3d at 244. "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" *Id*. (quoting *Evans v. Techs. Apps. & Service Co.*, 80 F.3d 954, 961 (4th Cir. 1996)).  In this case, Plaintiff has filed a Rule 56(f) Affidavit that requests leave to take discovery in light of certain *general* concerns with the underlying administrative record:

> While the Plaintiff has a copy of the administrative record of investigation ("AROI"), that record is incomplete and insufficient for Plaintiff to oppose summary judgment.
>
> For example, the AROI does not contain the vacancy announcement for the position which the Plaintiff was originally considered or for the one that she ultimately filled.  Although a cover memorandum in the AROI states that vacancy

announcements or a history of the position which the Plaintiff
encumbered is included, the AROI does not contain that
information.  The AROI provides the name, race, and gender of the
individual who filled the position vacated by the Plaintiff, but does
not provide information as to her status as a qualified disabled
individual or what facilities she serviced.  The AROI also does not
contain information concerning a prior  EEO case corresponding to
the Plaintiff (ORM Case No. 2004-0512-2004101537) which
would establish Plaintiff's prior EEO activity.  The AROI does not
contain any of the notices by Plaintiff's counsel to the responsible
EEO officers asserting that her EEO complaint includes one of
hostile environment as well as failure to timely accommodate her
disability.

*   *   *

Counsel has attempted to gather information from the Defendant
through a December 2004 Freedom of Information and Privacy
Act request.  The only files released by the Defendant in response
to that request were internal regulations and procedures other
publicly available information.  That part of my requests seeking
records about my client and minutes of the deliberations of the
NPSB were ignored in the Defendant's June 15, 2005 response.
Likewise, while on January 13, 2005, the Chairperson of the NPSB
indicated that she was providing information to the EEO
investigator of the NPSB records, that information was not
included in the AROI.

(Pl.'s Opp. Ex. 12 at ¶¶ 5-10 (citations omitted); *see also* Pl.'s Opp. p. 32 n.9 ("Defendant's

Motion, Exhibit 10, is an *incomplete* part of the Plaintiff's response to the Defendant's proposal

and likewise involves incidents occurring after Mr. Hopper proposed Plaintiff's termination.")

(emphasis added).)  As already noted, Defendant did not respond to Plaintiff's Rule 56(f)

Affidavit by filing a reply brief.

In addition, the parties dispute whether the underlying proceedings support the claims at

issue.  For example, Defendants contend that "Plaintiff was terminated due to her lack of

interpersonal skills, not her disability.  There is no evidence to the contrary."[2]  (Def.'s Mem.

Supp. Mot. Dismiss p. 19.)  In response, Plaintiff emphasizes that the alleged "decisionmaker"

with respect to her termination—Ron Hopper—"effectively admitted that the Defendant's

animus towards the Plaintiff was based on her protected activity" by adopting the performance

evaluation of another individuals.  (Pl.'s Opp. p. 29; *see also* Pl.'s Opp. Ex. 12 at ¶ 9 (noting that

"neither Plaintiff nor her counsel were present at [Mr. Hopper's] examination and he was not

subject to deposition by her counsel.  Moreover, when . . . counsel attempted to contact one

employee witness, that witness indicated that he did not want to cooperate on advice of

counsel.").)

In sum, Defendant relies primarily on the underlying administrative record to support his

motion for summary judgment.  Plaintiff responds in part by attacking the sufficiency of that

record in a Rule 56(f) Affidavit.  After reviewing the parties' papers, this Court finds that it lacks

a sufficient basis for concluding that "the additional evidence sought for discovery would not

have by itself created a genuine issue of material fact sufficient to defeat summary judgment."

*Strag*, 55 F.3d at 954.  Accordingly, Defendant's Motion to Dismiss or, in the Alternative, for

Summary Judgment is DENIED.

---

[2]      *Cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the
moving party may be discharged by showing—that is, pointing out to the district court—that
there is an absence of evidence to support the nonmoving party's case.").

## <u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment is DENIED.  Defendant shall file a responsive pleading within 30 days of the date hereof pursuant to Fed. R. Civ. P. 12(a)(4)(A).  A separate Order follows.


Dated: March 8, 2007                         /s/_____
                                             Richard D. Bennett
                                             United States District Judge